*More in [illegible] Drawer*



# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

Gerald C. Mann
~~JOHN BEN SHEPPERD~~
~~ATTORNEY GENERAL~~

Honorable J. H. O'Neall
County Attorney
Swisher County
Tulia, Texas

Dear Sir:

                                      Opinion No. O-4040
                                      Re: Article 666-44, V.A.P.C.
                                      Searches, Seizures and forfeit-
                                      ures.

        Your request for opinion has been recieved and carefully considered by this department. We quote from your request as follows:

        "The Sheriff stops A on public highway, searches his car, finds considerable load of whisky, (68 pints) arrests said A, seized the car and other equipment consisting of containers & brings said A and all seized property into town and files complaint.

        "Then Sheriff takes appearance bond for next term of County Court some 30 days hence. Thereupon said A employes an attorney who has the said appearance bond executed and presents title papers showing that the car conveying said liquor is in name of another, a 'friend' of defendant with purchase money lien held by a certain finance concern in another county.

        "The County Attorney refuses to agree to release said car on such showing and insists the matter is a matter for the court to hear and decide at time of hearing of defendant's case, or other time if court sees fit, to determine whether the car should be released to said alleged owner.

        "The sheriff, however, over the urgent protest of the county attorney releases said car, without order of the court, claiming the title papers showing such title in said purported 'FRIEND OF DEFENDANT' places the responsibility on him and therefore releases said car.

        "It is our opinion that when said arrest has been made, proper complaint filed and the property brought in, all matters thereafter are for the court and the authority of the sheriff is at an end until the further order of the court.

"Article 666-44, (CC) provides:

"' It is further provided that if any . . . automobile . . . or any other vehicle is used for the transportation of any illicit beverage, or any equipment designed to be used for illegal manufacturing of illicit beverages, such vehicle, together with all such beverages, equipment or material, shall be seized, without warrant by any representative of the Board or any peace officer who shall arrest any person in charge thereof. Such officer shall at once proceed against the person arrested and ALL PRINCIPALS ACCOMPLICES AND ACCESSORIES TO SUCH UNLAWFUL ACT, UNDER THE PROVISIONS OF THIS ACT, IN ANY COURT HAVING COMPETENT JURISDICTION: BUT SAID VEHICLE OR CONVEYANCE SHALL BE RETURNED TO THE OWNER UPON EXECUTION BY HIM OF A GOOD AND VALID BOND, WITH SUFFICIENT SURETIES IN A SUM DOUBLE OF THE AP-PRAISED VALUE OF THE PROPERTY, WHICH SAID BOND SHALL BE APPROVED BY SAID OFFICER AND SHALL BE CONDITIONED TO RETURN SAID PROPERTY TO THE CUSTODY OF SAID OFFI-CER ON THE DAY OF TRIAL TO ABIDE JUDGMENT OF COURT.'

"Then follows the provisions for the sale and disposition of the stuff so seized.

"QUESTIONS:

"1. Under the law and facts stated, did the sheriff act without authority of law in releasing said car?

"2. Under said Art. would the sheriff have any dis-cretion as to whether he should seize the conveyance and paraphernalia?

"3. After seizure, is the sheriff authorized to re-lease said seizure or any part thereof without order of court?

"4. Is said provision as to the seizure of both liquor and other property mandatory, or may he seize liquor only?

"No question has been raised as to the legality of the search, arrest and seizure."

Article 666-44, Vernon's Annotated Texas Penal Code, reads as follows:

"It is further provided that if any wagon, buggy, auto-mobile, water or air craft, or any other vehicle is used for

the transportation of any illicit beverage or any equipment designed to be used for illegal manufacturing of illicit beverages, or any material of any kind which is to be used in the manufacture of illicit beverages, such vehicle together with all such beverages, equipment, or material shall be seized without warrant by any representative of the Board or any peace officer who shall arrest any person in charge thereof. Such officer shall at once proceed against the person arrested and all principals, accomplices, and accessories to such unlawful act, under the provisions of law, in any Court having competent jurisdiction; but said vehicle or conveyance shall be returned to the owner upon execution by him of a good and valid bond, with sufficient sureties in a sum double the appraised value of the property, which said bond shall be approved by said officer and shall be conditioned to return said property to the custody of said officer on the day of trial to abide judgment of the Court. The Court upon conviction of the person so arrested shall order the alcoholic beverages disposed of as provided in this Act, and unless good cause to the contrary is shown by the owner, shall order the sale by public auction of the property seized, and the officer making the sale, after deducting the expenses of keeping the property, the seizure, and the cost of the sale, shall pay all liens, according to priorities, which are established by intervention or otherwise at said hearing or in other proceedings brought for said purpose, as being bona fide and as having been created without the lien or having any notice that the carrying vehicle was being used or was to be used for illegal transportation of liquor and shall pay the balance of the proceeds to the Board to be allocated as permit fees. All liens against property sold under this Section shall be transferred from the property to the proceeds of its sale. If, however, no one shall be found claiming the team, vehicle, water or air craft, or automobile, the taking of the same, with a description thereof, shall be advertised in some newspaper published in the city or county where taken, or if there be no newspaper in such city or county, any newspaper having circulation in the county, once a week for two (2) weeks and by handbills posted in three (3) public places near the place of seizure, and if no claimant shall appear within ten (10) days after the publication of the advertisement, the property shall be sold and the proceeds after deducting the expenses and costs shall be paid to the Board to be allocated as permit fees."

We quote from 38 Texas Jurisprudence, p. 432, as follows:

"A sheriff is an officer mentioned in article 5 of the Constitution, titled 'Judicial Department;'

nevertheless he is concerned with the administration of justice only as a ministerial officer, as distinguished from those officers who have judicial functions. Hence it is not his province to determine any douutful questions arising in the course of his official duties and it is not proper that he should be directed to act in a judicial capacity."

You are respectfully advised that it is the opinion of this department:

1. Your first question is answered in the affirmative.

2. It is unnecessary to answer your second question because the facts show that the sheriff did seize the property.

3. In answer to your third question it is our opinion that the sheriff under the facts stated would not be authorized to release the automobile without an order of the court or without the bond required by the statute.

4. In answer to your fourth question, it is our opinion that said provision is mandatory.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By s/ Wm. J. Fanning

Wm. J. Fanning
Assistant

APPROVED APR 17, 1942
s/ Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

WJF:GO:egw

APPROVED Opinion Committee
By BWB Chairman